[Civ. No. 1914.  Second Appellate District.—April 20, 1917.]

## IRA J. FRANCIS, Respondent, v. INDEPENDENT ELECTRICAL SUPPLY COMPANY (a Corporation), Appellant.

Action on Promissory Note—Defense of Payment—Amendment of Answer at Trial—Discretion.—Where in an action on a promissory note the answer failed to deny that the note was unpaid, it will be presumed that the court properly exercised its discretion in refusing the defendant leave at the close of the plaintiff's case to amend the answer by alleging payment, in the absence of any showing of facts excusing the failure to allege the same in the first instance, or of any affidavit or other matter of record from which could be inferred a reasonable probability that the defense could have been sustained.

Id.—Assignment of Corporation Note—Authority of Sales Agent. In an action on an assigned note, testimony of the agent who made the assignment on behalf of the corporation payee that he was the sales agent of the corporation, and as such had control of and possession of all books of account and evidences of indebtedness and all other matters in connection with the corporation's business in the southern end of the state, is sufficient to support the inference that the agent was authorized to make the assignment, although another person was president and general manager of the corporation.

Id.—Corporation Law—General Manager of All Business—Appointment of Department Manager—Authority of.—The fact that a corporation has a general manager whose supervision extends to all of its business, does not exclude its right to vest in another agent the powers of a general manager representing the corporation in the conduct of some department of its business.  The superintendent or manager of such department stands in the same relation to the matters pertaining to his department as does the general superintendent or general manager to the general affairs of the company.

APPEAL from a judgment of the Superior Court of the County of Los Angeles, and from an order denying a new trial.  Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

Hyman Schwartz, for Appellant.

Oscar C. Mueller, Alfred Wright, and Wm. W. Lovett, Jr., for Respondent.

CONREY, P. J.—Appeal by the defendant from the judgment and from an order denying its motion for a new trial.

The action is upon a promissory note made by the defendant to a corporation; the complaint alleging that before the commencement of the action the note was assigned by the payee to the plaintiff. The answer to the complaint did not deny that the note was unpaid. After all of the plaintiff's evidence had been introduced, the defendant for the first time applied for permission to allege payment. This request was denied. It is now claimed that the court's refusal to allow the proposed amendment was an abuse of discretion by reason whereof the defendant is entitled to a new trial. No facts were shown excusing the defendant's failure to put an allegation of payment into its original answer. The application for leave to amend was not accompanied by affidavits, nor by any other matter of record from which one can infer a reasonable probability that the defense could have been sustained. Therefore we will presume that the court properly exercised its discretion in that matter.

The only other ground of appeal urged on behalf of appellant is that the evidence is insufficient to support the finding that the note had been assigned and transferred to the plaintiff. The point made is that the evidence failed to show that the assignment was made by a person who had been given the authority, or had been in the habit of signing contracts on behalf of his company, or indorsing and assigning its negotiable paper. The testimony of the agent who made the assignment on behalf of the corporation was as follows: "I am sales agent of John A. Roeblings' Sons Company of California and as sales agent have control of and possession of all books of account and the evidences of indebtedness and all other matters in connection with the business of that corporation in the southern end of California." It further appeared that another person was president and general manager of the corporation. We think that this evidence was sufficient to support the inference that the agent was authorized to make the assignment. The fact that a corporation has a general manager whose supervision extends to all of its business, does not exclude its right to vest in another agent the powers of a general manager representing the corporation in the conduct of some department of its business. The

superintendent or manager of such department stands in the same relation to the matters pertaining to his department as does the general superintendent or general manager to the general affairs of the company. For authorities to this effect see note in 38 L. R. A. (N. S.) 1135.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.